28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald WEAVER, Petitioner-Appellee,
v.
John THOMAS, Respondent-Appellant.
 No. 93-2261.
 United States Court of Appeals,
Tenth Circuit.
 June 6, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The State of New Mexico appeals the district court's grant of a petition for habeas corpus. We reverse and remand to the district court with instructions to dismiss Mr. Weaver's petition for habeas corpus.
 
 
 3
 Mr. Weaver pled guilty to first-degree murder and to attempted armed robbery with a firearm enhancement. Mr. Weaver was sentenced to life imprisonment for first-degree murder, three years for attempted robbery, and one year for the use of a firearm. The sentences were consecutive and were imposed in August 1987. This habeas corpus action challenges neither these convictions nor the sentences; rather, it challenges New Mexico's policies concerning the earning of "good time" credits after Mr. Weaver's sentencing.
 
 
 4
 In 1980, New Mexico passed a law requiring life-sentenced inmates to serve thirty years before they could receive a parole eligibility hearing. This requirement was in effect at the time Mr. Weaver was convicted and sentenced, and it remains in effect. In April 1986, again prior to Mr. Weaver's conviction and sentencing, the New Mexico Attorney General opined that "a defendant sentenced to life imprisonment ... does not become eligible for parole until he has served 30 years of his sentence." Shortly thereafter, "the secretary of the New Mexico Department of Corrections wrote a memorandum to [all prison personnel] directing ... the department continue to keep track of any good time being "earned" until ... the issue of whether good time deductions could legally be made on a capital life sentence' " was resolved. In February 1988, a new secretary of corrections wrote a letter repeating the attorney general's contention that good time credits are unavailable for life-sentenced inmates to reduce parole-hearing eligibility. Six months later, the associate warden notified all inmates that the "Attorney General had issued an opinion that inmates serving determinate life sentences must serve a minimum of thirty calendar years with no reduction in time before being eligible for parole.' " This memo also directed that records would be maintained showing good time earned in the event of a possible contrary future ruling.
 
 
 5
 Mr. Weaver filed a petition for a writ of habeas corpus asserting the State of New Mexico had violated his due process rights by forfeiting and terminating his good time credits. The magistrate judge agreed, and the district court ratified this decision. The district court ordered the State to restore Mr. Weaver's good time credits and adjust his parole eligibility dates accordingly or unconditionally release Mr. Weaver from prison. It is this order that the State of New Mexico appeals.
 
 
 6
 Our case of Stephens v. Thomas, 19 F.3d 498 (10th Cir.1994), is dispositive. There we held that New Mexico's revocation of good time credits from a life term prisoner who had served less than ten years of his sentence[2] did not implicate either the Ex Post Facto Clause or the Due Process Clause. There exists no substantive difference between Stephens and this case. Stephens dictates the district court's order must be reversed.
 
 
 7
 Mr. Weaver has requested this court to certify the controlling question to the Supreme Court of New Mexico. This we decline to do as Mr. Weaver earlier filed an unsuccessful petition for writ of habeas corpus in the State of New Mexico District Court alleging the same due process violation. The Supreme Court of New Mexico denied a petition for writ of certiorari concerning this question. We see no reason to assume the Supreme Court of New Mexico would now view the question differently.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Stephens was based on New Mexico's pre-1980 law requiring a life inmate to serve ten years prior to being eligible for a parole hearing